The judgment of the United States Customs Court is *affirmed.*

UNITED STATES *v.* C. F. WELEK & Co. (No. 3444)[1]

United States Court of Customs and Patent Appeals, November 2, 1931

*Charles D. Lawrence*, Assistant Attorney General (*Daniel P. McDonald*, special attorney, of counsel), for the United States.

*Puckhafer, Rode & Tompkins* (*J. Stuart Tompkins* of counsel) for appellees.

[Oral argument October 13, 1931, by Mr. Lawrence and Mr. Tompkins]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

The record in this case was printed in connection with that in the case of *United States* v. *Rice-Stix Dry Goods Co.*, being suit 3443, decided concurrently herewith, and reported in 19 C. C. P. A. (Customs) 178, T. D. 45278.

---

[1] T. D. 45279.

Both parties briefed the two cases together and so argued them orally. Charles F. Welek, secretary and treasurer of the appellee company, was a witness in behalf of *Rice-Stix Dry Goods Co.* in suit 3443, and was also a witness for his own company in the instant suit, being the only witness called in the latter by either side.

The merchandise involved is buckles, and the contesting paragraphs are here, as they were in the *Rice-Stix Dry Goods Co.* case, so far as the buckles therein were concerned, Nos. 348 and 1428, respectively, of the Tariff Act of 1922. The portions of these paragraphs deemed here pertinent are quoted in the opinion deciding the *Rice-Stix Dry Goods Co.* case.

The collector classified the merchandise under paragraph 1428; the importer protested, claiming it dutiable under paragraph 346; the Customs Court sustained the protest, and the Government has appealed to this court.

In its opinion the Customs Court said:

Mr. Welek, on behalf of the plaintiffs, testified that Exhibits 1, 2, and 3 in protest 330326–G (which we have just decided, see Abstract 15369) fairly and accurately represent the buckles in this case, being items on entry 66, Nos. 547/9, 555/8, 562, 566, and 567; that while not identical, they are the same class of merchandise, and "are similar buckles." Exhibits 1, 2, and 3 in the prior case were marked "Illustrative Exhibits A, B, and C" in this case.

Referring to entry 3555 the witness testified that these same exhibits will represent the buckles.

As to the use of these buckles the witness testified they were for fastening ladies' belts.

Following our prior decison in protest 330326–G of Rice-Stix Dry Goods Co. (Abstract 15369, *supra*), we hold the belt buckles represented by the exhibits herein are properly dutiable, as claimed at 15 cents per hundred and 20 per centum ad valorem under paragraph 346.

While the testimony in the instant case is not so full as that in the *Rice-Stix Dry Goods Co.* case, the two cases were so intimately connected in relation to the type of merchandise involved and in their hearing and trial, that they were practically considered together, and the latter doubtless had a not unnatural nor improper influence in determining the former. We do not feel justified in saying that the trial court's finding of fact was against the weight of the evidence, and under the facts as found the applicable law is, of course, the same as in the companion case.

The judgment of the United States Customs Court is *affirmed.*